# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE PHILLIPI aka<br>ROBERT MICHAEL RAY,<br>CDCR # K-79951,<br><br>                 Plaintiff,<br><br>vs.<br><br>JOHN/JANE DOES; D. FOSTON;<br>M. JIMENEZ; M. HODGES;<br>G.J. JANDA,<br><br>                 Defendants. | Civil No.   11-2612 DMS (RBB)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* [ECF No. 2]; and**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Plaintiff, a state inmate currently incarcerated at Calipatria State Prison located in Calipatria, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In addition, Plaintiff has filed a certified copy of his inmate trust account statement which the Court construes as a Motion to Proceed *In Forma* Pauperis (IFP) pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

## I.   MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28

1  U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is
2  granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493
3  F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).
4  Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in
5  installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28
6  U.S.C. § 1915(b)(1) & (2).

7  The Court finds that Plaintiff has submitted a certified copy of his trust account statement
8  pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement
9  shows that he has insufficient funds from which to pay an initial partial filing fee.

10  Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2] and
11  assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further
12  orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR")
13  to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them
14  to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C.
15  § 1915(b)(1).

16  **II.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

17  The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also
18  obligate the Court to review complaints filed by all persons proceeding IFP and by those, like
19  Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or
20  adjudicated delinquent for, violations of criminal law or the terms or conditions of parole,
21  probation, pretrial release, or diversionary program," "as soon as practicable after docketing."
22  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua
23  sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof,
24  which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who
25  are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-
26  27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir.
27  2000) (§ 1915A).

28  / / /

### A. Due Process and Heck

As currently pleaded, all of Plaintiff's claims must be dismissed because they are premature under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Constitutional claims involving a prison's disciplinary or administrative decisions to revoke good-time credits are subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1) since habeas corpus is the exclusive federal remedy whenever the claim for damages depends on a determination that a disciplinary judgment is invalid or the sentence currently being served is unconstitutionally long. *Edwards v. Balisok*, 520 U.S. 641, 643-44 (1997); *Heck*, 512 U.S. at 486-87; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Here, Plaintiff seeks the return of good time credits that were revoked at his disciplinary hearing. (*See* Compl. at 5.) In order to state a claim for damages under section 1983 based on these allegations under *Heck* and *Edwards*, however, Plaintiff must allege facts in his Complaint sufficient to show that Defendants' decision to remove his credits has already been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Plaintiff has failed to do so; therefore, he must sufficiently amend his Complaint to provide such a showing before any cause of action for damages accrues under the Civil Rights Act. *Id.*

### B. Fourteenth Amendment Due Process Claims[1]

Even if Plaintiff were able to overcome the *Heck* bar, he has failed to state a Fourteenth Amendment due process claim. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections.

---

[1] Plaintiff alleges violation of his due process rights during his disciplinary hearing but he also refers to "freedom from cruel and unusual punishment" arising from the same set of facts. (*See* Compl. at 3.) However, where a particular provision of the Constitution "'provides an explicit source of constitutional protection' against a particular sort of government behavior," that provision must be the guide for analyzing Plaintiff's claims. *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (quoting *Albright v. Oliver*, 510 U.S. 266, 273-74 (1994)). Accordingly, the Court will analyze Plaintiff's claims relating to his disciplinary hearing as arising under the Fourteenth Amendment.

*Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).  However, the Supreme Court has significantly limited the instances in which due process can be invoked.  Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, facts related to the conditions or consequences of disciplinary hearing which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." *Id.* at 486.  For example, in *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation:  (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody.  *Id.* at 486-87.

Therefore, to establish a due process violation, Plaintiff must first show the deprivation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life.  *Sandin*, 515 U.S. at 483-84.  Plaintiff has failed to allege any facts from which the Court could find there were atypical and significant hardships imposed upon him as a result of the Defendants' actions.  Plaintiff must allege "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process.  *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).  He has not; therefore the Court finds that Plaintiff has failed to allege a liberty interest in remaining free of Ad-seg, and thus, has failed to state a due process claim.  *See May*, 109 F.3d at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486 (holding that placing an inmate in administrative segregation for thirty days "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.").

Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) & § 1915A(b).

5. Plaintiff is **GRANTED** forty-five (45) days leave from the date this Order is filed in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his original Complaint. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565,

1 | 567 (9th Cir. 1987). If Plaintiff fails to file an Amended Complaint within 45 days, this action
2 | shall remain dismissed without further Order by the Court.
3 |     6.    The Clerk of Court is directed to mail a Court approved § 1983 form to Plaintiff.
4 | DATED: December 20, 2011

_____
HON. DANA M. SABRAW
United States District Judge