# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE PHILLIPI aka<br>ROBERT MICHAEL RAY,<br>CDCR # K-79951,<br><br>                    Plaintiff,<br><br>vs.<br><br>JOHN/JANE DOES; D. FOSTON;<br>M. JIMENEZ; M. HODGES;<br>G.J. JANDA,<br><br>                    Defendants. | Civil No.   11-2612 DMS (RBB)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT AS MOOT [ECF No. 5]; and**<br><br>**(2) DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

**I.    Procedural History**

On November 9, 2011, Plaintiff, a state inmate currently incarcerated at Calipatria State Prison located in Calipatria, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In addition, Plaintiff filed a certified copy of his inmate trust account statement which the Court construed as a Motion to Proceed *In Forma* Pauperis (IFP) pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

On December 20, 2011, the Court granted Plaintiff's Motion to Proceed I*FP* but sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). *See* Dec. 20, 2011 Order at 5-6. Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified in the Court's Order. *Id.* Plaintiff filed a "Motion for Extension of Time to Amend Complaint" but then filed his First Amended Complaint ("FAC") before the Court ruled on his Motion. Thus, in light of the filing of the Amended Complaint, Plaintiff's Motion for Extension of Time is **DENIED** as moot.

## II.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

### A.   Fourteenth Amendment Due Process Claims[1]

Plaintiff, once again, alleges that his due process rights were violated during his disciplinary hearing. (*See* FAC at 3.)  "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty

---

[1] Plaintiff alleges violation of his due process rights during his disciplinary hearing but he also refers to "freedom from cruel and unusual punishment" arising from the same set of facts. (*See* FAC at 3.)  However, where a particular provision of the Constitution "'provides an explicit source of constitutional protection' against a particular sort of government behavior," that provision must be the guide for analyzing Plaintiff's claims. *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (quoting *Albright v. Oliver,* 510 U.S. 266, 273-74 (1994)). Accordingly the Court will analyze Plaintiff's claim relating to his disciplinary hearing as arising under the Fourteenth Amendment.

and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).   State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke  due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).   However, the Supreme Court has significantly limited the instances in which due process can be invoked.   Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."*Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, facts related to the conditions or consequences of disciplinary hearing which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest."   *Id.* at 486.   For example, in *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody.   *Id.* at 486-87.

Therefore, to establish a due process violation, Plaintiff must first show the deprivation imposed an atypical and significant hardship on him  in relation to the ordinary incidents of prison life.   *Sandin*, 515 U.S. at 483-84.  Plaintiff has failed to allege any facts from which the Court could find there were atypical and significant hardships imposed upon him as a result of the Defendants' actions.   Plaintiff must allege "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim violation of due process.  *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).   He has not; therefore the Court finds that Plaintiff has failed to allege a liberty interest in remaining free of Ad-seg, and thus, has failed to state a due process claim.   *See Sandin*, 515 U.S. at 486 (holding that placing an inmate in administrative segregation

for thirty days "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.").

### B. Equal Protection claims

In addition, Plaintiff appears to claim that prison officials have also violated his right to equal protection under the law. (*See* FAC at 3.) The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.* 473 U.S. 432, 439 (1985). In order to state a claim under § 1983 alleging violations of the equal protection clause of the Fourteenth Amendment, Plaintiff must allege facts which demonstrate that he is a member of a protected class. *See Harris v. McRae*, 448 U.S. 297, 323 (1980) (indigents); *see also City of Cleburne v. Cleburne Living Ctr*, 473 U.S. 432, 440-41 (1985) (listing suspect classes). In this matter, Plaintiff has not sufficiently plead that he is a member of a protected class nor has he plead any facts to demonstrate that Defendants acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999). Moreover, Plaintiff has also failed to allege sufficient facts which may prove invidious discriminatory intent. *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265 (1977).

Accordingly, the Court finds that Plaintiff's First Amended Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Extension of Time to Amend Complaint [ECF No. 5] is **DENIED** as moot.

1   **IT IS FURTHER ORDERED** that:

2   2. Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) & § 1915A(b).

3. Plaintiff is **GRANTED** sixty (60) days leave from the date this Order is filed in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his original Complaint. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). If Plaintiff fails to file an Amended Complaint within 60 days, this action shall remain dismissed without further Order by the Court.

4. The Clerk of Court is directed to mail a Court approved § 1983 form to Plaintiff.

DATED: April 16, 2012

_____
HON. DANA M. SABRAW
United States District Judge